UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: COLUMBIA RIVER DAMS CLEAN
WATER ACT LITIGATION (NO. II)   MDL No. 3027


**ORDER DENYING TRANSFER**


**Before the Panel**[*]: Plaintiff Columbia Riverkeeper moves under 28 U.S.C. § 1407 to centralize this litigation in the Eastern District of Washington. The litigation consists of two actions pending in the Eastern District of Washington and the District of Oregon, as listed on Schedule A. Defendants in both actions, the U.S. Army Corps of Engineers and Lieutenant General Scott A. Spellmon[1] (collectively, the Corps), do not oppose the motion.

On the basis of the papers filed and the hearing session held, we conclude that centralization is not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of this litigation. In these two actions, Columbia Riverkeeper, an environmental nonprofit organization, alleges that three hydroelectric dams owned and operated by the Corps—The Dalles Dam, John Day Dam, and McNary Dam—are discharging pollutants into the waters of the Columbia River. The alleged pollutants include grease, oil, and other lubricants from Kaplan turbines and wicket gates, and heat from cooling water and reservoir heating. Plaintiff claims that these discharges are not authorized by National Pollutant Discharge Elimination System (NPDES) permits, as required by Section 301(a) of the Clean Water Act (CWA), 33 U.S.C. § 1311(a).[2]

Although the locations of the discharges at issue in the two cases differ to an extent, the complaints otherwise allege identical or substantially similar facts and request the same relief.

---

[1] Lieutenant General Spellmon is named in his official capacity as the Commanding General and Chief of Engineers of the U.S. Army Corps of Engineers.

[2] In 2013, we centralized three similar actions in the Eastern District of Washington as MDL No. 2494. *See In re Columbia and Snake River Dams Clean Water Act Litig.*, 987 F. Supp. 2d 1377 (J.P.M.L. 2013). Pursuant to a 2014 settlement of those actions, the Corps agreed to seek NPDES permits for eight dams on the Columbia and Snake Rivers, and Columbia Riverkeeper agreed to refrain from suit over unpermitted discharges for a period of seven years. The two current actions involve the three dams as to which the Corps has not obtained NPDES permits.

- 2 -

Two of the three dams involved are at issue in both actions.[3] The actions thus will involve common issues of fact as to the nature, sources, and effects of the alleged pollutants. In both actions, plaintiff seeks a declaratory judgment that the Corps is in violation of Section 301(a) of the CWA, an injunction to stop the discharge of pollutants not authorized by NPDES permits, and an injunction requiring the Corps to take specific actions to evaluate and remediate the environmental harm caused by its violations. Discovery will overlap extensively. Issues relating to plaintiff's standing and the availability of preliminary injunctive relief likely will arise in both actions, presenting the risk of inconsistent pretrial rulings. The efficiencies and conveniences to be gained through coordination are apparent.

We nevertheless conclude that centralization under Section 1407 is not warranted. The parties here are agreed as to the need for coordination and the appropriate transferee district. In addition, both parties have indicated that they would not oppose transfer of the District of Oregon action to the Eastern District of Washington under 28 U.S.C. § 1404. We repeatedly have emphasized that "centralization under Section 1407 should be the last solution after considered review of all other options." *In re Best Buy Co., Inc., Cal. Song-Beverly Credit Card Act Litig.*, 804 F. Supp. 2d 1376, 1378 (J.P.M.L. 2011). We also have made clear that, "where 'a reasonable prospect' exists that the resolution of a Section 1404 motion or motions could eliminate the multidistrict character of a litigation, transfer under Section 1404 is preferable to Section 1407 centralization." *In re 3M Co. Lava Ultimate Prods. Liab. Litig.*, 222 F. Supp. 3d 1347, 1347-48 (J.P.M.L. 2016) (quoting *In re Gerber Probiotic Prods. Mktg. & Sales Practices Litig.,* 899 F. Supp. 2d 1378, 1379-80 (J.P.M.L. 2012)). In the circumstances presented here, there is at least a reasonable prospect that Section 1404 transfer would allow for coordinated proceedings in a single district.

---

[3] As required by the CWA, these citizen actions were filed in the judicial districts in which the sources of the alleged polluting discharges (*i.e.*, the three dams) are located. 33 U.S.C. § 1365(c)(1). Because the John Day and McNary Dams discharge into the river in both Washington and Oregon, suits relating to those dams were filed in two districts.

- 3 -

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

*Karen K. Caldwell*

Karen K. Caldwell
Chair

| | |
|---|---|
| Matthew F. Kennelly | David C. Norton |
| Roger T. Benitez | Dale A. Kimball |
| Nathaniel M. Gorton | Madeline Cox Arleo |

**IN RE: COLUMBIA RIVER DAMS CLEAN
WATER ACT LITIGATION (NO. II)**                              MDL No. 3027

## SCHEDULE A

<u>District of Oregon</u>

COLUMBIA RIVERKEEPER v. UNITED STATES ARMY CORPS OF ENGINEERS, ET AL., C.A. No. 2:21-01777

<u>Eastern District of Washington</u>

COLUMBIA RIVERKEEPER v. UNITED STATES ARMY CORPS OF ENGINEERS, ET AL., C.A. No. 4:21-05152